We'll hear argument next in Case No. 15-7250, Manrique v. United States. Mr. Raskin. Raskin, Mr. Chief Justice, and may it please the Court. A single notice of appeal perfects a criminal the appeal of a criminal judgment and sentence, even if a part of that sentence is deferred. It doesn't matter whether the appeal is first noticed at the completion, after restitution is decided, or if the appeal is noticed at the outset, after the initial sentencing hearing. In either event, that single notice of appeal perfects appeal of all issues that arise within that judgment and sentence when it is fully completed. We know this in part because of the Court's decision in Dolan. In Dolan, the Court struggled with the mechanics. How was the Court going to evaluate the Mandatory Victim and Restitution Act? What does it require a district court to do? And after struggling through those mechanics, the Court said that essentially the second document fills in an amount-related blank in the original judgment that made clear that restitution was applicable. It is clear that what happens second, the restitution part, is nothing more than a completion of the original judgment and sentence. It is not a new judgment. It is not a new sentence. It is simply a completion, a fill in the blanks, as the Court has phrased it. We know not only from Dolan that this should be the case, but we know it also by looking at the criminal appellate rules as they relate to criminal cases. If we go down one by one, each of the sections of 4b, each section leads to a single conclusion. Only one notice of appeal is required. Ginsburg. What about 3c, which requires the notice of appeal to designate the judgment order or part thereof being appealed? So notice of appeal can't designate an order that has not yet been made. That's correct, yet it's not entirely correct. 3c says designate the judgment under review, which we've done here. It was the initial judgment, the June 24th judgment. And that is the one and only that's under review. At the time that it was entered, it was interim or incomplete, provisional, something that the Court has seen previously in cases like Corey and first-tier mortgage, judgments that were not completely filled out by the time the notice of appeal was filed. But we are only appealing the June 24th judgment as it was eventually completed by the later restitution proceeding. We argue, and I think the rules and Dolan make clear, that there is but one notice of appeal – there is but one judgment in these cases, and it only has to be noticed the one time. If we look at the balance of the court's rules of appeal, there is only one judgment and an amended judgment. Are you suggesting you don't have to appeal from an amended judgment? That's correct. In the case of the deferred restitution, the Court made clear that there was not an additional judgment occurring, an amended judgment or an additional judgment. Again, to use the Court's words, the second document, if you will, is filling in the blanks of a judgment that was previously entered, leaving clear that those blanks were yet to be filled in. I guess in the other case, the Court made clear that there was not an additional judgment occurring, an amended judgment or an additional judgment. Sotomayor, have you lost your right to appeal that second – that restitution order? No, for the following reason, Your Honor. As we indicated at the outset, there are two times to appeal, and this has been recognized by the courts below as well. There are two times that the defendant may appeal. He may either appeal at the outset, right after sentencing. Actually, the more logical time to do it would be at the conclusion of the case. There have been exceptions where defendants have wanted their appeals to go forward. You said the outset right after sentencing? Yes, Your Honor. Okay. Right after sentencing or again after restitution. So that option to appeal after the restitution is completed is always available. It remains available if the initial appeal has ended. If there never was an initial appeal, there is always an opportunity to appeal again. The 14 days commence with the original sentence, and again a window opens after the restitution is completed. So there are, in fact, two 14-day windows for the filing of a notice of appeal. And that's not something we've created. That's something Congress has created. Mr. Raskin – Well, go ahead. Mr. Raskin, as I hear you now, you're saying something different from what I understood your brief to be saying. So maybe I just – I understood your brief to be principally arguing that this was a consequence of Rule 4b2. And so far I haven't heard you mention Rule 4b2. Instead, what you seem to be saying is that regardless of Rule 4b2, we should treat the initial judgment and the later judgment as though they're the same judgment. And 4b2 doesn't have to exist for that argument to be correct. I'm not saying that argument is correct, but it's a different argument than the argument I understood you to be making in your brief. So which are you making? Raskin, I'm really making both. I'm not saying 4b2 is not part of this equation. I began to say that earlier when I started to go down the parts of Rule 4b that I think clearly show that we're dealing with a single judgment here. 4b2 is very, very helpful to us because it incorporates the Court's decision in Lemke from 1953 in which the Court really looked at the question of what does a premature notice of appeal really mean, if anything, and how much significance does it have, if any, a theme that the Court that case, Lemke, became Rule 4b2, and the Court revisited this in first-tier mortgage when it said there is a difference between something that's tardy and something that's early, and that the vice of one is not the same of the other. In the case of something that's tardy, we are talking about the failure to allow a judgment to become final as it should once the time expires for appeal. And that's why the Court is very, very concerned with something that's tardy. But as in first-tier mortgage and originally in Lemke, there is a recognition that if you file something too early, that's just a technical violation. Kennedy, in your view, if you have order of entry of a conviction based on jury verdict, fixing sentence, order of restitution amount to be determined within 60 days, can you wait 60 days to appeal everything? Or must you file the first notice of appeal within 14 days as to the sentence and the order of conviction? No. I think you certainly, I believe, that that was the natural progression. You waited until the completion of the full judgment and sentence. You can now wait until the order of restitution before you appeal the sentence and the order of conviction? You can't. You can wait until restitution is completed to do that. Do you understand the government to take that same position? I can ask the government. I'm not sure that we've actually briefed it in that very way. I think that before Dolan, most of the circuits actually handled it that way. In the Eleventh Circuit, from where this case arises, that was precisely the process. The Eleventh Circuit would hold the notice of appeal in abeyance, would not let it go forward, until the restitution judgment was completed. Isn't that what you're asking? No, no, no. I asked, but that's when the notice of appeal was timely filed. I'm my question is, can you wait to file the notice of appeal until the restitution amount is determined, say, 60, 80 days later? Yes. And the answer to that is yes. And that's because certainly at that juncture, the judgment is completed, and that judgment is completed. Well, conceptually, at least, that seems odd. In other words, you're saying you can appeal what looks like a non-final judgment. It's got a big blank in it. Right. And you say you can appeal that even though it's not complete, and then later on you can appeal either the part that fills it in or the whole thing. It seems to me that usually if things are either final or not, and if they're not, you can't appeal, and if they are, you can. Although it may seem like that conceptually, that's precisely what the Court confronted in Cori, precisely what the Court looked at in Cori. That was a provisional sentence that was to be completed with the actual sentencing hearing much later down the road, up to six months down the road, than the time the initial appeal would have been allowed. That didn't make the judgment final at the time of appeal. It made it final enough because it was freighted with sufficient indicia of finality in the language of Cori for it to be appealed up front. Roberts. I'm not challenging your reading of the case, but, I mean, that's a very unusual type of approach when it comes to jurisdictional rules. You know, final enough, you know, and then you get other cases, are they final enough, like this one, is this final enough or not? It just seems to me that we would be better served by a simple rule. I mean, even the rule, if you can do two different things, that means the court of appeals have to deal with two different things. They get a notice of appeal from the original judgment, and they don't know if there they don't necessarily know if there's going to be anything more, right? The restitution may be insignificant enough that you don't feel it's worth adding that to the appeal issues. Any number of things. So let's see how they know. Should we hold on to this or not hold on to it? Roberts, the court of appeals never knows what the parties will be arguing in their briefs. Roberts, here the question is whether you're going to add anything at all. I mean, obviously, if the restitution amount hasn't been entered, you can't challenge the amount. But they don't know in the court of appeals, well, is he going to file another notice of appeal? I guess we have to hold this in abeyance. And then you hold it in abeyance, and who knows for how long, because it doesn't actually have to be within the 90 days. It just seems to me a very confusing system. As a practical matter, it has not been confusing at all to the courts of appeal, which have been struggling with this both before Dolan and after. We've identified in our brief 17 post-Dolan appeals, and the government has identified another 15 post-Dolan appeals. In every single one of those cases, some of which took five and a half years for the restitution to be resolved, three and a half years, two and a half years. Many cases go by where they are resolved within the 90-day limit, and they're not a problem. Sotomayor, does the Eleventh Circuit routinely hold their appeals until the restitution transcript is available? At one time, at one time, the Eleventh Circuit actually took the position it had to wait. It had no jurisdiction to proceed. But post-Dolan, post-Dolan, it has modified that position. But it waited here. Why did it wait here? Because it does wait, and that's been the tradition in the Eleventh Circuit. They look at the judgment. They look at the judgment. The court and the parties all know that there's a restitution matter outstanding, and it's held in abeyance. I just asked whether they did it routinely, and you said not post-Dolan. So what do they do now? They do it. I was saying before they did it because to them it was a jurisdictional issue. It's not jurisdictional anymore, but, yes, they still await it. So they don't know whether you're going to challenge it until the brief comes in. That's correct. But they're holding it anyway. That's correct, Your Honor. Do they give up holding it if you ask them to give it up? It doesn't require a true holding, because if we count the days it takes an appeal to go forward, there's 14 days to file a notice of appeal, 14 more to order the transcripts, 30 more for the transcripts to come in, and then 40 for the briefing. No, no, no. I understand the mine run case, but how about in those cases where restitution orders can take a year, two years, three years? What does the Eleventh Circuit do? The Eleventh Circuit, as every other circuit, has awaited the outcome of the restitution orders, the restitution answer, before it goes forward to decide the appeal. In all of the cases that were identified in the Petitioner's brief and, for that matter, in the government's brief, that's 32 cases. There may be some duplicates there, post-Dolan cases. A single panel of a single court of appeals captured all of the issues that were to be heard in one case. They were not concerned or troubled by anything that was still outstanding. The reason for that really was predicted by the Solicitor General's brief in Dolan itself. It said that in most cases we can expect that the Court will resolve it either at sentencing or within 90 days, and that most appeals back then would take 12 months. Now they take 10.6 months. That's plenty of time for the record to be raised, the new transcript of the restitution hearing to be prepared, as it was in this case, and for the parties to be able to fully brief the appeals. Kennedy. Well, I'm not so sure. You're adding at least 90 days under your rule. And in the meantime, if there is to be a new trial, we have problems with the witnesses being unavailable, the defendants often in custody during this time. Three months is not insubstantial. It is not insubstantial, but it is three months. Seven-point-six months shorter than the average appeal. I don't believe that there's anything about these cases that makes them longer. If the average appeal is too long, you're adding 90 days. Oh, I don't think you, Your Honor, I would submit you're not adding 90 days. In most cases, you may be adding. In many cases, you're adding no time because it's resolved either at sentencing or not necessarily at the 90-day limit, but sometime within that time. That time is, if I'm using an appropriate phrase, dead time in an appeal anyway. It's when the briefs are being – it's when the transcripts are being ordered and the transcripts are being prepared. It is not time when the parties are yet briefing the case. The first time under the Federal rules of appellate procedure that a brief is due in most cases is on the 98th day, over three months after the notice of – after the judgment is originally entered. That's three months in the average case. That's if a court reporter does not ask for an extension of time to prepare the transcripts. That's if the parties don't need additional time. That's if the court clerk can prepare the record the day the last transcript arrives, which I think is a rarity, too. Roberts, you've been talking about how it works or how you think it should work, but not any sort of statutory reasons. You rely heavily on 4b-2, but it doesn't even seem to apply by its terms. It says notice of appeal filed after the court announces a decision, sentence or order, but before the entry of judgment. And that would not seem to apply to a situation here. This wasn't before the entry of judgment, the appeal of the restitution part. It was after. That is our argument, Your Honor, that it is. The words, the judgment, in 4b-2 are not the interim judgment. It's speaking in terms as the court and rules normally do, to the completed final judgment. And it is not completed until the restitution amount fills in the blanks of the original interim judgment. Our argument is that it applies for precisely that reason because it is making reference to the completed judgment. Roberts, so you're saying the rule doesn't apply to what I understood to be the typical situation when it applies? It does apply. The court announces a decision, you file the notice of appeal, and then they get around to entering it in a couple of days? It does apply. It applies in this setting. As the judge did in this case, he announces, because he must by law, and under the Dolan formulation he has to, he says restitution is mandatory under the Mandatory Victim Restitution Act of 1996. I can't ascertain the amount of damages currently, so I'm going to postpone hearing on that. In this case, he postponed them for 60 days, ultimately decided just under the 90 days. So he hasn't entered a judgment with respect to the amount of restitution? That's correct. The judgment he has entered is as to the conviction, as to the other aspects of sentence which are final. But he has not yet entered a judgment as to the amount of restitution. But he also hasn't announced a decision. And this rule applies to a notice of appeal filed after the court announces a decision. He hasn't asked to the subsequent order that nothing about the amount has been announced yet. He has announced it in the same way, for example, that the announcement was made in Corey, Barron's, and first tier, if I may explain. When he says restitution is mandatory, that's like the judge saying in a bench statement in first-tier mortgage, I'm going to grant summary judgment. He doesn't explain any findings of fact or any findings of law, without which you can't even have an appeal. You wouldn't be able to have an appeal without those details. When he says, I'm going to grant summary judgment and nothing more, that's exactly like saying I'm going to grant mandatory restitution as required by statute. In first-tier mortgage, the Court explored whether or not that type of a bench announcement, without the fleshed-out details, was sufficient enough to initiate an appeal. And the Court said yes. Ginsburg. But the bottom line was there, summary judgment. Here, no amount of restitution has been determined. The details of the amount have not been fleshed out. But the order is given that there shall be mandatory restitution. But there might not be an appeal when the defendant knows what the amount is. If the amount is small, the defendant might not appeal. So we don't know at the point where there's just a blank whether the defendant is going to appeal the amount. I think that's correct, but that's always correct, that no one knows for sure what issues will be raised by the appellant until the brief is written. Kagan. Kagan. Did I understand you, Mr. Raskin, to say earlier that you think you would have an argument even if 4B2 didn't exist? In other words, and another way to say this is suppose we think that 4B2 deals with a different situation from the situation that you're talking about. Do you still have an argument? Yes. Or is it dependent on 4B2? Yes, we do. What's the argument that's exclusive of 4B2? The argument boils down to this. In reading 4B, there is not a single instance under the Federal rules regarding criminal appeals in which two notices of appeal are required in a single appeal. Every single time the rules drafted encountered the possibility that two notices of appeal might be required, they immediately rewrote the rules to avoid that possibility. Part of that is 4B2. Part of that is further down the rule. Part of that is 4B5, where there's a rule 35A correction of a sentence. At every term, the drafters of the rules have made it clear that one notice of appeal is all that is required as to the one judgment and sentence in a criminal case. Well, but it's addressed specific instances, as you say, in which the issue may come up, but it hasn't addressed your situation. It hasn't. So I mean, this is one of those arguments. You're saying whenever they see it, they provide for it, but they haven't seen it yet, at least with respect to the drafting of the rule. So maybe it doesn't apply in that situation. Part of that, I think, is a matter of timing. It has only happened since 2010 that the Court interpreted the statute to have the Before that time, the circuits were split as to how they were handling it, so it wasn't necessary to say more. For example, in the Eleventh Circuit Court. Kagan. Kagan. Well, that might be true, but still, wouldn't we have to wait until Congress  Well, it would be the rules that would be fixed. Presumably Congress sees problems. Congress fixes problems. And you might be right that this is the kind of problem that Congress has fixed in the If I may suggest why I think – I think it would not be Congress so much as the rules drafters. The Court would recommend these rules, and then with Congress's approval or disapproval. And here is why I think the drafters have not gone forward. Because in black and white in the Court's decision in Dolan, it acknowledged that these kinds of issues would arise and that the Court would need to address them. And perhaps they felt it would be presumptuous if the Court says, we see that these kinds of problems are going to arise, and we'll address them. And instead, the rules drafters pretermitted those decisions, coming up with their own answers to those questions. Sotomayor So what's the legal principle that gives us the authority to create this exception? Let's assume we agree with you that the rules don't cover this particular situation. Let's assume, further, we don't buy the government's argument that notices of appeal are jurisdictional. And you can get into that when you're ready. But so let's just deal with it. It's not jurisdictional. What gives us the power to do this? The power is in the rules. The Court decided decades ago that the rules would tell lawyers how to proceed in litigation. The rules are to be clear. When, for example, one of the rules on the civil side made it possible for a lawyer to make a mistake by not filing a second notice of appeal, something the Court recognized in its Griggs decision, the rules drafters went right back and immediately changed that rule, and said in their commentary it was designed to eliminate the trap for the unwary that the previous rule created. The rules are designed so that there is a fair administration of justice, without great cost and delay, without confusion. These rules say that you must notice an appeal from a final judgment. That was done in this case. In fact, the final judgment in this case and all cases like it has this anomaly. The notice of appeal is at the same time timely and partially untimely. It's not a notice of appeal filed at a time when the court of appeals would say that's so early we need to dismiss, we need to have no jurisdiction, because it's unquestioned that the court of appeals had jurisdiction over the conviction and all aspects of the sentence, incarceration, the term of supervised release. That it had on the same day that the notice of appeal was filed, and in the anomaly, it perhaps didn't have jurisdiction or it was early to have jurisdiction over the restitution portion of the sentence. Sotomayor, so why isn't it easy and not a trap for us to just simply say, file two notices of appeal? That's what the government says. File it when you get imprisoned. File another one when the restitution order is in place, and everything will be fine. I think a fair answer to that is, of course, the court could have such a process. I would urge against it. And it's certainly one that is not in place at the present time. It is not one that governs the proceedings that occurred here and have occurred up to that time. No, but there are other jurisdictions that actually require that. Well, there are one that requires it. There's one that's so unsure about the answer, it has both accepted a single notice of appeal and yet recommended that the safer course is to file two. There is one jurisdiction that has repeatedly just held over and two jurisdictions, they have held over and over, under Rule 4b2, that the original notice of appeal matures. Now, those cases don't go into the kind of thought that we have here in both of them. Breyer's question was, why not? The virtue of having two notices of appeal, it's definite, a certain time, people know what to do. When you have one notice of appeal, and then maybe you're going to add a few arguments later, did you argue, did you, did they have a fair chance to answer, what is that later time? It raises a lot of questions. So the simplest thing with the rule, and it doesn't hurt anybody, is what I think she was suggesting, is just follow what the government says there. You appeal, then you appeal. He confirmed that? I think my answer to that is, although that may be intuitive, the rules don't require lawyers to use their intuition. The rules require the lawyers to follow the rules. If you're just being literal in the rule, the rule says in a criminal case, a defendant's notice of appeal must be filed within 14 days of the order being appealed from. That's one of the things. And you're appealing from the order which says pay so much. And in this case, it would be from the judgment, because there really are no appeals of right by a defendant from an order. Perhaps the expression is not from the judgment. Breyer. So we have a judgment which says, judgment says, and it leaves restitution open, and then we have another judgment which is, says how much the amount is. I mean, that's so simple, and all the lawyers would understand it, and the other seems more complicated. Now, what's your response to that? My response is that that is not the mechanical formulation that the Court provided in Dolan. It wrestled with that. I mean, the majority of the defense wrestled with the question. Breyer. I know whether it answered the question, but in one second, I'm going to conclude that you don't have a reason other than I would read the text. Your reason is if the text literally requires or doesn't require it, then it doesn't. But do you have any answer other than that? It would be the first time in which two notices of appeal are required in the first in a criminal case. And that, by itself, confuses the process of what the appeals are trying to accomplish. The appeals are trying to make the rules are trying to make it possible for lawyers to know what to do and when. They are clear as to the criminal side that there is only one notice of appeal that's required. If I may reserve the balance of my time. Roberts. Thank you, counsel. Mr. Keaton. Mr. Chief Justice, and may it please the Court. A criminal defendant may appeal an award of restitution by filing a notice of appeal after the amount is determined and entered against him in the form of a criminal judgment. Appellate Rule 4b-2 applies to a notice of appeal that's filed after the announcement of a sentence, but before entry of the judgment memorializing the sentence. It does not apply whereas here the notice of appeal is filed long before the court even decides the appropriate sentence. If I could begin, Justice Kagan. Ginsburg. May I ask you about the criminal rule, what number is it, 32, the provision that says appealing a sentence after sentence, the court must advise the defendant of any right to appeal the sentence? That's correct. 32J. And defendant was so advised after the sentence was issued. There was no such instruction, no such advice from the court when the restitution order was entered. That's correct. So what is your position on whether the court must advise the defendant of any right to appeal the restitution order? Absolutely it must. And I think when courts do that, as they absolutely should, it will prevent cases like this from arising again in the future. But it didn't happen in this case. That's correct. So the court committed an error, and it wasn't harmless. Well, the way the court has addressed those sorts of errors, and this was discussed in the Puguera case, which is cited in a footnote to our brief, is to ask whether the litigant was aware of their opportunity to appeal. There's been no suggestion here by a Petitioner that the litigant or his attorney were unaware of the opportunity to appeal. Kagan in Mr. Rashkind's reply brief, he represents that there was no awareness of the opportunity to appeal. I mean, the only thing that gives you pause in a case like this is just because usually you only have to file one notice of appeal, you do get worried about, you know, traps for the unwary and a person who just won't understand that there's another stage in this process and needs to file a notice of appeal, as long as the litigant says, okay, now, you know, you – if you have an objection to this, you need to file another notice of appeal. Well, that solves the problem. But if the court doesn't say it, it doesn't solve the problem. And apparently, that's what happened in this case. And Mr. Rashkind represents that his client didn't know of his – his opportunity to or his need to appeal. Well, with respect to this Petitioner, I think that that's true. Once the court makes unmistakably clear that a second notice of appeal is required, I don't think this is the sort of thing that's likely to arise in the future. But if it's – Sotomayor, if we find this to be a Rule 32 error? Pardon? Why don't we just say this was a Rule 32 error? If you're talking about harmless error, I think the types of errors that are cognizable under, I think it's Federal Criminal Rule 52, whether you're talking about harmless errors or – We're talking about a Rule 32 error. I see. Rule 32 errors are dealt with in the manner that was discussed in Peguera. And so if there was an error of that sort here, then the proper remedy, assuming one's available, would be to file a 2255 petition, assuming that those apply to restitution orders. Sotomayor, other than making a Supreme Court case of this issue, given the practices in the Eleventh Circuit, where the Court automatically appears to wait for the restitution transcript to come and for these issues to be litigated once, I'm not going to talk about whether that's efficient or not. They've chosen it to be efficient. And virtually in every other case, you've never raised an objection. Why don't you raise an objection here? What was the purpose of doing this? Was it to make a test case? Not to my knowledge. I think the general principle that you can't appeal a decision that hasn't yet been met is a pretty standard principle in the law generally, not just in criminal  And I can't raise an objection. But it's just such a hybrid situation. He's absolutely right. In most criminal appeals, it's one criminal appeal from a final judgment. It doesn't appear as if you raise this timeliness objection in the Eleventh Circuit as a matter of course. So why in this case? Well, in the Eleventh Circuit, the Court had decided in a case called Muzio, and that happened in, I believe it was July of 2014, so before the restitution hearing, but not much before it, that a criminal defendant in Petitioner's situation had two options. They could either file a notice of appeal after the initial sentencing and then a second notice of appeal after restitution was ordered, or they could wait until the end and file one notice of appeal after restitution. And so that decision came down in July of 2014. And we cannot verify or dispute the representations that Petitioner has made that in circuits, courts always wait. But, Justice Kennedy, I think you identified a very troubling implication of Petitioner's argument. Namely, that it would prevent, in many cases, criminal defendants from getting an immediate appeal from their conviction in their terms of imprisonment. Because if Petitioner is correct about Appellate Rule 4b-2, it means that the notice of appeal that he filed wouldn't take effect, it wouldn't become effective, until after restitution was ordered, which means that the appellate process really shouldn't begin until that point, which is especially troubling for criminal defendants who normally want to get their appeals up and going as soon as possible. Kennedy, in the rules themselves or in the colloquy that takes place in the criminal system, is the restitution part of the sentence? Restitution is certainly part of the sentence. So the Rule 32b that Justice Ginsburg quotes is applicable. There has to be advice for the right to appeal. That's correct. What many district courts do is they have sentencing scripts, which they read at the end of a sentencing. And there's no reason that they couldn't, for instance, at the end of the script that they use for a restitution hearing, make sure that they advise a criminal defendant that they have a right to separately appeal restitution. Ginsburg, I think you answered this, but I didn't grasp what the answer was. The judge makes a mistake, doesn't advise the defendant. If you want to appeal a restitution order, you have to file a notice of appeal. It didn't say that. Isn't it harmful error, that slip that the Court made? So the Court addressed this in the Peguera case and talked about a situation in which a notice of appeal was not filed and the Court did not advise the defendant to file a notice of appeal, and there's a proper procedure that you have to go through. And the type of prejudice that you're talking about has to depend in part on the state of knowledge of the criminal defendant and his attorney. But if I could more directly address the case. Ginsburg. But if they don't have knowledge, which is what we assume here, because that was alleged. So I'm not sure it actually was alleged. I don't see any place in Petitioner's brief where they represent that they didn't know they had a right to appeal. And with respect to their argument that they didn't know they had to file a second notice of appeal, that was inconsistent with directly applicable case law in the very same circuit. If I could go to the court. Ginsburg. But here, in fact, when the restitution judgment was entered, the clerk of the district court sent that order to the court of appeals. So it was an amended judgment that was sent. The clerk of the court treated it as though it were an amendment to the judgment, and it went to the court of appeals. So it seems to me it would be the height of formalism to say that there had to be a second notice. The clerk had already notified the court of appeals that the judgment had been amended to include restitution. There's certainly some amount of formalism, but let me explain why I don't think that it's just formalism. The general principle that you can't appeal a decision that hasn't been made, I think, makes sense and is not only consistent with the rules, but also with the way things normally work in litigation. And let me give you three examples of cases in which you actually would need a second notice of appeal in a criminal case. The first is a motion under Rule 35a of the criminal rules to correct a sentence. If you file your notice of appeal before making a Rule 35a motion, the courts of appeals generally require you to file a second notice of appeal if what you want to challenge is the resolution of the Rule 35a motion. Similarly, Rule 35b allows a court to, based on the substantial cooperation of a criminal defendant, alter the sentence. If the sentence is altered and the defendant wants to challenge that, the notice of appeal is changed, then the defendant has to file a second notice of appeal. And the third example relates specifically to restitution, because under the Mandatory Victims Restitution Act, you can actually end up with several different restitution awards and, therefore, several different judgments, and that's because criminal victims of criminal offenses have 60 days to bring up new losses, which they can raise to the court's attention at any time. And if they do, the court has to award, decide whether there's a new award of restitution. It's not clear how Petitioner's approach either to Rule 4b-2 or his approach to judgments would handle that. Whether he's going to be able to decide whether there's a new award of restitution. Kennedy, under your approach, then, if there are four different victims and you and the court has seriatim hearings and makes seriatim judgments, there had to be four different notices of appeal?  That's my hypothesis. Sure. I understand. I think that if you're talking about things that were understood to be part of the original sentencing, you can wait until that's complete and file one notice of appeal. But if you're talking about completely new losses, there's no reason why the original notice of appeal should suffice to challenge a decision that hasn't yet been made. And keep in mind the nature of Petitioner's challenge here, which is not to the fact that the amount of restitution, which he acknowledges was mandatory under the statute, he objected to the amount of restitution and specifically to the sufficiency of the evidence that the government put forward at the hearing to justify the $4,500 that was awarded in restitution. And there's simply no way that Petitioner, at the time he filed his notice of appeal, could have had any idea about the basis for that. Roberts, the issue here strikes me as somewhat similar to the issue that arises in the civil context with respect to attorneys' fees. You have a judgment and you're entitled to attorneys' fees because you've won. But, of course, they don't know what those are yet, and then they have a hearing down the road. What is the rule there? One notice of appeal, two notices of appeal? The rule there is you have to file a second notice of appeal, and I'd point you to a case called Ray Halleck Gravel. That's a good example where you might have a judgment for the defendants on summary judgment and then a notice of appeal. And at the time it grants summary judgment, the district court says, I'm going to determine at a later time the appropriate amount of attorneys' fees. You cannot, on the basis of the first notice of appeal, challenge the amount of attorneys' fees. You have to file a second notice of appeal. We also think that the civil context, am I right, that sometimes you file a second notice of appeal, but you're the rule's way of fees? That's correct. But not here. I mean, it's a little bit odd that in the civil context fees would be waived for the second notice of appeal, and in the criminal context, not. Well, fees would not be raised or would not be waived in the specific scenario that the Chief Justice posited. There are only certain very limited scenarios in which it would be waived. But if you're talking about a scenario like this one, but a criminal defendant who, unlike Petitioner, was not indigent, I don't see any reason why the defendant wouldn't be able to file an amended notice of appeal, and many circuits don't require an additional fee. And if the fee issue is something that the Court is concerned about, that is the sort of thing that it would be appropriate for the Rules Committee to address. Ginsburg. You're recognizing that you could file, you could treat as an amended notice of appeal. So it's one notice of appeal, but it's been amended. I think you would have to take a step to amend the notice of appeal, because, Justice Ginsburg, as you yourself pointed out, Appellate Rule 3C1B requires the notice of appeal to identify the judgment being appealed. And if you want to see the notice of appeal that Petitioner filed, I would direct you to page 42 of the Joint Appendix, where he states very specifically that he is seeking appeal, quote, "...from the final judgment and sentence entered in this action on the 24th day of June 2014." So he's seeking review of the judgment that did not include restitution. Roberts. Counsel, the Peguero case, I do you read that as saying that if there is prejudice to the defendant who wasn't advised of his right to appeal, that that defendant is entitled to collateral relief? I do read it that way. And I suppose the collateral relief is what, reopening the case so that he can file a notice of appeal? I think in that case, if you're talking about a case that's cognizable on 2255, I think the remedy could be reentry of the judgment to give him another opportunity to file his notice of appeal. If I could briefly return just to the Rule 4b-2 argument, because I think the text of that rule explains why it is that it doesn't apply to this case. 4b-2 refers to entry, announcement of a sentence, followed by entry of the judgment, which I think makes clear that you're talking about precisely the same judgment that was just announced. And that's a pretty familiar pattern in criminal cases, where sentences get announced and then they get entered into the docket. It's sort of like opening and closing a pair of parentheses, and usually that happens within a few days of one another, if not a few hours. And so when you're talking about Rule 4b-2, you're really talking about the notice of appeal that would have been filed, for instance, after the September 17th hearing, at which a $4,500 award of restitution was announced, but before it was entered into the docket the next day. But that's obviously not what we're dealing with here. Ginsburg. Why couldn't you treat a notice of appeal as adequate to cover modifications of the judgment from which the appeal is taken? Because that's what this is, the modification of the judgment. I think that would be inconsistent with a few existing appellate rules of procedure. And I think you could change the rules, perhaps, to deal with that situation, but it would be a fairly radical change in the way that notices of appeal and jurisdiction normally work. Because normally we think of a notice of appeal as transferring to the court of appeals jurisdiction over all of the elements contained in the judgment that was identified. And instead, you would be transferring, on a prospective basis, decisions that had yet to be made. And I think it would also, for the reasons that the Chief Justice identified, be for a court of appeals very confusing. Because remember that in many cases, criminal defendants have a strong incentive to get their appeal up and going as soon as possible. That's especially true if you're a criminal defendant who's got a short prison term or you want to be let out on bail pending appeal. Roberts You said, I'm not going to get the phrasing right, jurisdiction over all of the elements of the appeal or something like that? That's right. Contained in the judgment that you have appealed. Right. But I thought the basic rule was, and your friend has emphasized this in his briefs, that you get the case. You don't get different elements that may have been adjudicated or whatever. If you're filing the appeal, the whole case goes up. Sure. I don't think that that's accurate. The only authority he can point to for that proposition is the Cori decision. But that actually was a very different scenario that I think actually supports the government. In Cori, you were dealing with a statute in which a district court was authorized to impose a provisional sentence to the statutory maximum, and then within six months it could revisit that sentence and reduce the sentence based on new information. And the question in Cori was whether the criminal defendant who filed a notice of appeal only after that later reduced sentence had waited too long to challenge his conviction. It wasn't a challenge to the sentence or anything that happened at the second sentencing. Instead, it was a challenge to the conviction. And what this Court said is, no, both the original sentence to the statutory maximum and the later sentence were sufficiently final that they can be appealed, which is consistent with what this Court has said in Dolan and the government agrees, which is that you can file a notice of appeal either from your initial sentence or from your later sentence, or you can wait until the very end and file one notice of appeal at the very end that will allow you to challenge all elements of your sentence, including your conviction. If there are no further questions about this ---- Kagan. Mr. ---- Yeah. Where were you going? I was going to Rule 52, but I'm happy to ---- Well, maybe this will be a good segue. This ---- this ---- you understand the requirement of a notice of appeal to be jurisdictional. Do you understand the requirement of timeliness to be jurisdictional or not? Not in the criminal context. Okay. Now, I understand it doesn't matter in this case because you objected. But in the criminal context, that's a non-jurisdictional rule. That's just a claims processing rule. That's correct. And are there requirements as to what counts as a notice of appeal? In other words, suppose I'm a defendant and I miss my 14 days. I don't file a notice of appeal within that time. Actually, I don't file it later. I file a brief. Does the brief count as a notice of appeal? Yes. A brief in certain situations has been deemed to count as a notice of appeal. In certain situations? Well, the case ---- there's a specific Supreme Court case, the name of which escapes me at the moment, but the Court dealt with it in a pro se situation. I don't know whether the Court would feel the same way if it were someone who was represented by counsel. Okay. But assuming that that's not just applicable to pro se situations, I file a brief, I file it late, the government doesn't say anything about it, the appeal goes forward. That's correct. Okay. I would also point out that there's a rule that also allows district courts, and this is appellate rule 4b-4, to extend by 30 days the deadline for filing a notice of appeal so long as you can show reasonable ---- reasonable diligence or good cause. And I think good cause might be shown by a counsel's ineffective assistance. That would be another way to deal with the same thing. Turning now, perhaps, to appellate rule ---- to rule 52, the types of errors that are cognizable, as I said earlier, are errors in the district court's proceedings. They are not a party's own failure to comply with the rules necessary to bring the issue up for appellate consideration. And if it were other ---- Why isn't the judge's failure to give the necessary advice? Why doesn't that come under Rule 52? Well, I'm not sure that the relief that Petitioner is asking for here is a correction for that error. I think the Court has already conceived of a different mechanism as the proper way to deal with that. But it seems to have another, yet another proceeding, a 2255, instead of saying that the judge forgot to give them the advice, so that was a harmful error. I think, Justice Ginsburg, that would be inconsistent with the way the Court has conceived of its mandatory claim processing rules, in which it has said consistently that a party's failure to comply with such a rule, so long as it's invoked by the other side at the appropriate time, means that dismissal of the claim is mandatory. You don't have a separate inquiry into prejudice. There are a number of Federal rules that include time limits, and if a party's failure to comply with one of those time limits could be excused, absent prejudice to the other side, then I think those time limits would no longer be mandatory in a meaningful sense. I think it's also inconsistent with another Federal rule that I would point out, which is Rule 3a2, which you can find at page 6a of the appendix to the government's brief, which states, an appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, which again suggests if you don't have a proper notice of appeal, you don't have a valid appeal. If the Court has no further questions. Roberts. Thank you, counsel. Mr. Raskin, you have three minutes remaining. Raskin. Thank you, Your Honor. If I may begin with the last point, the reason Rule 3a2 makes the statement it does is because in the civil context, the timeliness, the temporal limits on a notice of appeal are jurisdictional. And so 3a2, which captures both civil and criminal appeals, would need to say that. It does not say, though, that in a criminal case, those same issues apply in exactly the same way. It is perceptive to note that the district court failed to comply with Rule 32J, because that advice was an important piece of advice in this very case, not that he had a right to appeal, but that he had a duty to appeal again. Is the government right, however, that the Eleventh Circuit had issued a decision telling you to file a second notice of appeal, telling the public, not you personally? Well, I disagree that that's what happened. The Muzio case did not involve a defendant who was appealing restitution. And the battle in the Muzio case, which was issued about the same time as the hearing in this case, the majority judge, Judge Wilson, and the concurring judge, Judge Kugler, both said, we are absolutely not going to decide whether that notice of appeal could have captured the early restitution and the other, because restitution is not at issue. So a discussion in footnote 9 of a case that is not on point at all and does not become final, cert was not denied in that case until after the restitution hearing and judgment in this case, and rehearing was denied by this Court in the next year, I submit that a decision that isn't final, that isn't on point, and makes its reference by a footnote, is not telling the lawyers how to proceed on an appeal. The point of the rule was that the court is not going to decide whether that notice of appeal is on point or not. The point of the rule is that the court is not going to decide whether or not a decision is on point. That's my question. So I don't think it's fair to say that lawyers were on notice. That's why I'd come back to the Court and say that even the Court shouldn't be deciding this in an opinion and it belongs in the rules. Lawyers are entitled to pick up a book of rules and determine how they should proceed. And what has been clear in these rules from the beginning as to criminal cases, one notice of appeal is all that is required. Where Congress legislates in a way that creates this sort of anomaly where there might be two windows to appeal, it shouldn't change the underlying rules. They are that if you file a notice of appeal as to a time at which is timely as to part of the sentence in judgment, that it remains timely as to all aspects of that as it is completed. Roberts. Thank you, counsel. The case is submitted.